FILED
2017 May-11  PM 02:04
U.S. DISTRICT COURT
N.D. OF ALABAMA



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL A. PRESTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NUMBER: |
| | ) | CV-17- |
| | ) | JURY DEMAND |
| OLD DOMINION FREIGHT | ) | |
| LINE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

### I.   INTRODUCTION

This complaint alleges violations of the Americans with Disabilities Act as amended ("ADA" and "ADAAA"), the Family Medical Leave Act and the Age Discrimination in Employment Act ("ADEA").   Plaintiff alleges that Defendant discriminated against him because of his disability, his age and in retaliation for taking FMLA Leave.   This action seeks both equitable relief and damages.

### II.   JURISDICTION

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 28 U.S.C. §2201 and 2202, 29 U.S.C. §794a, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C.

§12117. Venue is proper pursuant to 28 U.S.C. §1391. Additionally, the jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 1343(4), and the Act of Congress known as "the Age Discrimination in Employment Act," 29 U.S.C. §621 *et seq.* The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by 29 U.S.C. §621 *et seq.* providing for injunctive and other relief against age discrimination. The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §2617 to secure protection for and redress deprivation of rights secured by The Family Medical Leave Act.

2.      Plaintiff has fulfilled all conditions precedent to the institution of this action under 29 U.S.C. § 794 *et seq.* and 42 U.S.C. §12117. Plaintiff timely filed his charge of discrimination and also timely files this complaint within ninety days (90) of the receipt of a Notice of Right to Sue issued by the Equal Employment Opportunity Commission. Plaintiff also files this complaint within 2 years of the time he was terminated in violation of the FMLA

## II.    PARTIES

3.      Plaintiff, Michael A. Preston, is a sixty-one year old Caucasian male, who is citizen of the United States and a resident of the State of Alabama. Plaintiff was employed by Defendant at its Birmingham, Jefferson County, Alabama location. Plaintiff is an individual with a disability in that he has a physical/mental impairment

2

which substantially limits one or more of his major life activities and because he has

a record of a physical/mental impairment which substantially limits one or more of

his major life activities and because Defendant subjected him to an action prohibited

under the law because he has an actual or perceived physical/mental impairment.

4.      Defendant, Old Dominion Freight Line, Inc., is an employer within the

meaning of the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.,* the Family

Medical Leave Act, and the Act of Congress known as "the Age Discrimination in

Employment Act," 29 U.S.C. §621 *et seq.*

## III.    FACTUAL ALLEGATIONS

5.      The plaintiff re-alleges and incorporates by reference paragraphs 1-4

with the same force and effect as if fully set out in specific detail hereinbelow.

6.      The plaintiff worked for the defendant as a Pick Up and Delivery Driver

out of the Birmingham Terminal.

7.      At the time of the plaintiff's termination, on May 11, 2016, he had been

employed with the defendant for twenty-one (21) years.

8.      On December 31, 2015, the plaintiff injured his ankle outside of work.

Plaintiff fractured/dislocated his right ankle and had surgery to repair the injury

9.      The plaintiff requested FMLA Leave and was out on approved FMLA

Leave from January 4, 2016 through April 8, 2016.

3

10.     The plaintiff's physician released him to return to work with no restrictions on April 8, 2016, to his job position as a driver .

11.     The plaintiff attempted to return to work on April 8, 2016 and was qualified to work.

12.     Before the plaintiff could return to work, Human Resources for the defendant informed him that he would have to take test to enable him to return to work.

13.     Plaintiff went to St. Vincent's to take a heart rate test and step test, which was the Human Performance Evaluation.  The plaintiff was told that he passed most of the test, except for the heart rate test.

14.     The Human Performance Evaluation that Defendant required of Plaintiff was not related to his job and was not a business necessity.  Plaintiff had already been released to return to his job from FMLA by his treating physician.  In addition, Plaintiff's injury had no effect on his DOT certification, which he renewed as part of his annual requirements on June 29, 2016.

15.     Plaintiff is aware of a younger employee, Dwight Morrison, who performed the same job as Plaintiff and who was out on medical leave for an extended period of time, but was not required to take this test at all to return to work.

16.      Plaintiff is aware of another employee, Mike Broadhead, who is closer

4

to Plaintiff's age who was out for an injury and was required to take the test to return to work. Broadhead failed the test and was terminated.

17.     Plaintiff retook the heart rate portion of the test on May 9, 2016. He was told by the individual administering the test that he passed.

18.     On May 10, 2016, Stephanie Cooper, a Human Resources employee, told Plaintiff that he had failed the test and that Defendant would let him take the test again in another thirty days.

19.     On May 11, 2016, Stephanie Cooper told the plaintiff "you are getting a little older now, so maybe you need something easier" and that he was disqualified from work because of the test results and was terminated.

20.     The plaintiff told the defendant that his physician told him he had passed the tests and that he had paperwork to prove he had passed the tests. The plaintiff told the defendant that it had no reason to terminate him because he was qualified for and ready to do the work and go back to his job. Defendant still terminated Plaintiff from his position.

## IV.    CAUSES OF ACTION

### A.    AGE DISCRIMINATION - TERMINATION

21.     The plaintiff re-alleges and incorporates by reference paragraphs 1-20 with the same force and effect as if fully set out in specific detail hereinbelow.

5

22.     In May 2016, Plaintiff was a 60 year old male and a member of the protected class under the ADEA.

23.     On May 11, 2016, Defendant terminated the plaintiff because of his age in violation of the ADEA.

24.     As set out above, Defendant treated a similarly situated younger employee differently than it treated Plaintiff.

25.     In addition, Defendant's Human Resources employee, Stephanie Cooper, made age-related remarks when she informed Plaintiff of his termination.

26.     Defendant's reasons for Plaintiff's termination were pretextual for age discrimination.

27.     Defendant's actions were wilful, with malice and with reckless disregard for Plaintiff's rights.

28.     Because of Defendant's conduct Plaintiff suffered lost wages and benefits and out of pocket expenses.

29.     Plaintiff seeks to redress the wrongs alleged herein, and this suit is his only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from the defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## B.  DISABILITY DISCRIMINATION - TERMINATION

30.   The plaintiff re-alleges and incorporates by reference paragraphs 1- 29 with the same force and effect as if fully set out in specific detail hereinbelow.

31.   Plaintiff is a person with a disability in that he has one or more physical impairments which substantially limit him in a major life activity.  In addition, Plaintiff had a record of a disability and was perceived as disabled by the Defendant.

32.   Plaintiff was qualified to perform his job at the time of his termination, with or without a reasonable accommodation.

33.   On May 11, 2016, Defendant terminated the plaintiff because of his disability, his record of disability, or because the defendant regarded him to be disabled due to his physical impairments in violation of the ADA and ADAAA as set out in the above factual allegations.

34.   Defendant's reasons for Plaintiff's termination were pretextual for disability discrimination.

35.   Defendant's actions were wilful, with malice and with reckless disregard for Plaintiff's rights.

36.   Because of such conduct, Plaintiff has suffered lost wages and benefits, out of pocket expenses, severe emotional distress, embarrassment and humiliation.

37.   Plaintiff seeks to redress the wrongs alleged herein and this suit is his

only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from the defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## C.   DISABILITY DISCRIMINATION - TESTING

38.    Plaintiff re-alleges and incorporates by reference paragraphs 1-37 above with the same force and effect as if fully set out in specific detail hereinbelow.

39.    After Plaintiff returned to work after being out on FMLA leave for his ankle injury, the defendant required him to take a Human Performance Evaluation

40.    The Human Performance Evaluation was not job-related and was not consistent with a business necessity of the defendant.

41.    Prior to Plaintiff being required to take the Human Performance Evaluation, Defendant had no reasonable basis to believe that Plaintiff's ability to perform his essential job functions would be impaired by a medical condition. The examination Plaintiff was required to undergo was wholly unrelated to his ankle injury which had caused him to miss work.

42.    As a result of this impermissible test, Defendant violated the ADA, as amended, and this violation caused Plaintiff to be terminated.

43.    Defendant's actions were wilful, with malice and with reckless disregard for Plaintiff's rights.

8

44.     Because of such conduct, Plaintiff has suffered lost wages and benefits, out of pocket expenses, severe emotional distress, embarrassment and humiliation.

45.     Plaintiff seeks to redress the wrongs alleged herein and this suit is his only means of securing adequate relief.  Plaintiff is now suffering and will continue to suffer irreparable injury from the defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## C.     FMLA INTERFERENCE

46.     The plaintiff re-alleges and incorporates by reference paragraphs 1- 45 with the same force and effect as if fully set out in specific detail hereinbelow.

47.     The defendant violated the plaintiff's rights under the FMLA by not allowing him to return to work upon receipt of his doctor's note approving his return to work with no restrictions.  Instead, Defendant required him to take and pass a medical examination which was not related to the injury which created his need for FMLA leave and which was not necessary for Plaintiff to pass to return to work.

48.     Defendant's actions were wilful, with malice and with reckless disregard to Plaintiff's rights.

49.     Because of Defendant's conduct Plaintiff suffered lost wages and benefits and out of pocket expenses.

50.     Plaintiff seeks to redress the wrongs alleged herein and this suit is his

only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from the defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

### D.    FMLA RETALIATION

51.    The plaintiff re-alleges and incorporates by reference paragraphs 1- 50 with the same force and effect as if fully set out in specific detail hereinbelow.

52.    The defendant retaliated against Plaintiff for exercising his rights under the FMLA when it required him to take the Human Performance Evaluation prior to returning to work from FMLA leave and terminating Plaintiff by claiming that he did not pass the test and was not medically able to pass the job. Plaintiff had been released to come back to work by his doctor and shortly thereafter passed a DOT physical to renew his annual certification.

53.    Defendant's reasons for Plaintiff's termination were a pretext for retaliation.

54.    Because of such conduct, Plaintiff has suffered severe emotional distress, embarrassment and humiliation, in addition to lost wages and benefits and out of pocket expenses.

55.    Defendant's actions were wilful, with malice and with reckless disregard.

56.    Plaintiff seeks to redress the wrongs alleged herein and this suit is his

only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from the defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## V.   **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial by jury:

1.    Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendant are violative of Plaintiff's rights as secured by the Americans with Disabilities Act, *et seq.*, as amended, the Family Medical Leave Act and the Age Discrimination in Employment Act.

2.    Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant, and at the Defendant's request, from continuing to violate Plaintiff's rights pursuant to the Americans with Disabilities Act, the Family Medical Leave Act, and the Age Discrimination in Employment Act.

3.    Enter an Order awarding the Plaintiff damages including back-pay, compensatory damages, punitive damages, liquidated damages and/or nominal damages.

4.    Award Plaintiff reasonable costs, attorney's fees and expenses.

11

5.    Award such other relief and benefits as the cause of justice may require.

Respectfully submitted,

Rocco Calamusa, Jr.
Kevin W. Jent
Rachel L. McGinley
Counsel for the Plaintiff

OF COUNSEL:

WIGGINS, CHILDS, PANTAZIS,
        FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205/314-0500


PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL TRIABLE ISSUES.

OF COUNSEL


**DEFENDANT'S ADDRESS:**
Serve via certified mail
        Old Dominion Freight Line, Inc.
        601 Republic Street
        Birmingham, Alabama 35214